### HUNNEWELL *et al. v.* SHAFFER.

(*City Court of New York, General Term.* April 30, 1890.)

PRACTICE IN CIVIL CASES—CHANGING DATE OF NOTE OF ISSUE.

Where a reply is served by leave of court, after the cause has been noticed for trial, it is within the discretion of the court to change the date of filing the note of issue, instead of requiring a new note, and the payment of an additional fee, and this power may be exercised after the reply has been served *nunc pro tunc.*

Appeal from special term.

Action by Francis W. Hunnewell and another against Ira Shaffer. Defendant appeals from an order regulating position of cause on calendar.

Argued before McADAM, C. J., and EHRLICH, J.

*Ira Shaffer, pro se. J. Stikeman,* for respondents.

PER CURIAM. The appellant correctly states the general rules of practice in his brief. But, independently of these, every court has the power to regulate (within reasonable bounds) its own calendar, and may, independently of the statute, determine what cause shall be tried first. In other words, it may regulate the order of business. It cannot decline to prefer a cause entitled to preference by the statute or general rules of practice. It cannot dispense with the statutory notice of trial, except as a condition of granting a favor, but it may, in the exercise of a wise discretion and in an orderly manner, do many things not inhibited. The note of issue was filed June 24, 1889. The

reply was served by leave of the court, August 26, 1889. The cause was then renoticed for trial. The court had the power then to change the date of filing the note of issue to August 26, 1889, instead of requiring a new note, and the payment of an additional fee. Having the power then, it could exercise it afterwards *nunc pro tunc*, and this is practically what was done by the order appealed from. The court, in the exercise of its discretion, possessed the power, and it was not abused in this instance. No one was misled or prejudiced by what was done. It follows that the order appealed from must be affirmed, but, as the point is probably new, the affirmance will be without costs.