## GRINDAL *v.* DE LANO.

*(City Court of New York, General Term.   October 15, 1891.)*

1. PRACTICE IN CIVIL CASES—NOTICE OF TRIAL.

   Under Code Civil Proc. § 3161, subd. 5, which provides that notice of trial of an issue of fact or of law in the city court of New York shall be for not less than five days, the court has no authority to shorten the time of notice in the face of defendant's objection; and the judgment entered against him at the trial, after such notice, is irregular, and should be vacated without imposing conditions on him.

2. SAME—AMENDMENT OF ANSWER.

   A notice of trial served before the expiration of the time allowed defendant to amend, though it be regular as to time of trial, is defeated by the service of an amended answer changing the issues.

Appeal from trial term.

Action by Herbert W. Grindal against George W. De Lano. From so much of an order opening an inquest as imposes $30 costs, and directs that the judgment in plaintiff's favor stand as security, as a condition of granting the same, defendant appeals.

Argued before EHRLICH, C. J., and VAN WYCK, J.

J. Edward Weld, for plaintiff. F. L. Eckerson, for defendant.

VAN WYCK, J. The original answer was duly served on June 22, 1891, and on the next day an order was obtained advancing the cause to the short-cause calendar for the 25th, and requiring defendant to accept short notice of trial for that day. The notice of trial was served on defendant on the 23d, the day of obtaining the order, noticing the case for trial for the 25th; and on the 24th, the day after service of such notice, the same was returned by defendant, who stated, as his reason for such return, that it was not served in accordance with the fifth subdivision of section 3161 of the Code, which provides that a notice of trial in this court shall not be for less than five days. The defendant served an amended answer, setting up a new and additional defense, on the morning of the 25th, before the opening of the trial term, which he had an absolute right to do, as the service was within three days after the service of his original answer. After the opening of the court on the 25th, the cause was called for trial, and the plaintiff allowed to take an inquest, upon which the judgment was entered. The inquest and judgment were irregular, and should have been opened and vacated without imposing any conditions upon the defendant. The court had no authority to shorten the time of notice of trial to two days, in the face of the express provision of the Code that the notice must not be for less than five days, for the defendant was not seeking or receiving a favor. The plaintiff was asking for a preference, which the defendant was simply opposing. Chief Justice DALY, in Leland v. Smith, 11 Abb. Pr. (N. S.) 231, held that a judgment entered upon the report of a referee, where a reference and the hearing on one day's notice had been ordered, was irregular, as such hearing should have been on not less than two days' notice; and the general term of this court said in Hunnewell v. Shaffer, (City Ct. N. Y.) 9 N. Y. Supp. 540: "The court cannot dispense with the statutory notice of trial, except as a condition of granting a favor." The notice of trial in this case, even though it had been regular as to time and service, was defeated and rendered of no avail by the service of the amended answer, changing the issues, within three days after the service of the original answer, and before the cause was reached for trial. Judge PAIGE says in Washburn v. Herrick, 4 How. Pr. 15: "If the plaintiff notices his cause for trial before the time allowed to the defendant to amend shall have expired, he does so at his peril." This is approved in Plumb v. Whipples, 7 How. Pr. 413, and Clifton v. Brown, 27 Hun, 231. Judge BOCKES, referring to these cases in Ostrander v. Conkey, 20 Hun, 421, says: "These decisions have controlled the practice now for over a quarter of a century, * * * and we are of the opinion that these decisions are strictly correct." Every effort to hasten the trial of an action should be encouraged, but no cause should, against a defendant's objection, be forced to trial unless a notice of trial, of not less than five days, has been served subsequent to the joining of issue, irrespective of whether issue was joined by the original answer, or by an amended answer which changes the issues. So much of the order appealed from as requires defendant to pay $30 costs, and directs that the judgment stand as security, is reversed, with $10 costs.