(36 Misc. Rep. 494.)

### WOOLLETT v. SEAMEN'S BANK FOR SAVINGS.

(Supreme Court, Trial Term, New York County. December, 1901.)

WITHDRAWAL OF JUROR—NOTE OF ISSUE—NOTICE OF TRIAL.

Where an action on trial is continued, and leave given to defendant to withdraw a juror and amend his answer, a new notice of trial and a new note of issue are required, to place the case on the calendar, under Code Civ. Proc. § 723, where the order does not dispense with the new notice, and this requirement cannot be affected by stipulation between attorneys.

Action by Mary Ann Woollett against the Seamen's Bank for Savings. Motion to place cause on general calendar. Denied.

G. W. Gibbons, for the motion.
Strong & Cadwalader, opposed.

GILDERSLEEVE, J. This is a motion for "an order restoring the above-entitled action to its place on the general calendar of this court, and to set the same down to be called on said calendar, and for such further relief as may be just and proper." It seems that the cause was partially tried in March, 1899, when defendant was permitted to withdraw a juror and to amend its answer. It was stipulated between the attorneys that no new notice of trial should be required. The case again appeared on the short cause calendar for May 19, 1899, but plaintiff did not appear, and the cause was sent back to the general calendar. A new calendar was directed to be made for the October term of 1900, on which were to be placed all causes on the previous calendar in which a new note of issue was filed with the clerk previous to September, 1900. No new note of issue was filed in the case at bar for the new calendar, nor has there ever been a new notice of trial or a new note of issue herein since the service of the amended pleading. Neither did the order allowing the amended pleading make any provision, under section 723 of the Code, permitting the cause to retain its place on the calendar without requiring a new notice of trial or a new note of issue. For the lack of a new note of issue, the cause was not placed by the clerk upon the new calendar in 1900, and is not now on the general calendar of this court. Plaintiff, towards the end of December, 1901, makes this motion to have the cause placed on the calendar. It is well settled that the service of an amended pleading destroys the original issues, and necessitates a new notice of trial and a new note of issue. Evans v. Olmstead, 31 Misc. Rep. 692, 66 N. Y. Supp. 63. This requirement cannot be annulled by a

stipulation between the attorneys (Keilty v. Traynor, 25 Misc. Rep. 352, 55 N. Y. Supp. 744), where no order is entered, in accordance with the provisions of section 723 of the Code, allowing the amendment, but dispensing with a new notice of trial and a new note of issue. This cause is not on the general calendar, as we have seen, and the court cannot be expected to direct a cause to be placed upon the calendar for a term for which it was not noticed, and for which no note of issue was filed. Haskin v. Murray, 29 App. Div. 371, 51 N. Y. Supp. 542. It seems a hardship to the plaintiff, but I see no course for her to pursue, except to file her note of issue, thus properly placing the cause on the calendar, and to serve her notice of trial, in accordance with the provisions of section 977 of the Code.

Motion denied. No costs.