### MILLER v. MESTANIZ.

#### (Supreme Court, Appellate Term. November 6, 1903.)

1. TRIAL—AMENDMENT OF PLEADINGS—NEW NOTICE OF TRIAL—NECESSITY.
   Where a complaint was amended after the cause had been noticed for trial and placed on the calendar, and no order of the court was made directing the case to retain its place on the calendar, or dispensing with the service of a new notice of trial, as required by Code Civ. Proc. § 723, plaintiff was not entitled to a trial until a new notice of trial had been served, and note of issue filed.

Appeal from City Court of New York.

Action by William Miller against Liubomir R. Mestaniz. From a judgment of the City Court in favor of plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

House, Grosman & Vorhaus, for appellant.
W. C. Reddy, for respondent.

BLANCHARD, J. The plaintiff's motion made at the opening of trial to strike this cause from the calendar on the ground that no notice of trial had been served, no note of issue filed, and no order made placing the cause on the short-cause calendar since the amendment of the complaint under the order of City Court filed May 1, 1903, should have been granted. No order of the court had been made, directing that the case retain its place upon the calendar, or dispensing with the service of a new notice of trial, as provided in section 723, Code Civ. Proc. A defendant cannot in this summary way be deprived of a right to due notice of trial to which he is entitled under the law. Woollett v. The Seaman's Bank, 36 Misc. Rep. 494, 73 N. Y. Supp. 1005; Ostrander v. Conkey, 20 Hun, 421; Grindal v. De Lano (City Ct. N. Y.) 15 N. Y. Supp. 823.

The judgment, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.