## SUPREME COURT.

### CLINTON agt. MYERS.

Where a defendant has regularly noticed a cause for trial, but through mistake has omitted to file a note of issue with the clerk to have it put upon the calendar, the court on motion has the discretion, under the Code, to allow such note of issue to be filed with the clerk and the cause placed upon the calendar. But such motion will not be allowed to be made later than the *first* day of the circuit.

*Otsego, Special Term, March,* 1872.
*Before* RANSOM BALCOM, *J.*

THE defendant's attorney noticed this action for trial at the present term of this court, but through mistake omitted to furnish the clerk with a note of the issue as required by section 256 of the Code. The defendant's attorney now moves to have the cause entered upon the calendar according to the date of the issue. To which the plaintiff's attorney objects.

S. A. BOWEN, *for plaintiff.*

L. L. BUNDY, *for defendant.*

BALCOM, *J.*—This cause has been regularly noticed for trial at this term of the court, by the defendant's attorney. But it is not on the calendar, for the reason that such attorney did not furnish the clerk with a note of the issue as required by section 256 of the Code. And no such note of issue has yet been furnished to the clerk. The question now presented is, whether the court may, in its discretion, allow the defendant's attorney to furnish the clerk with a proper note of issue, and have the cause entered on the calendar,

Clinton agt. Myers.

according to the date of the issue. It is provided by section 174 of the Code, that the court may, in its discretion, "supply an omission in any proceeding;" and I am of the opinion, it is a proper exercise of discretion to allow the defendant's attorney to furnish the clerk with a proper note of the issue in the action, and have the cause entered on the calendar. Leave to do this is granted him.

It is proper to add, that this motion was brought up on the first day of the term, and that such a motion would not be entertained on a later day.