GOWING *et al. v.* LEVY *et al.*

*(Supreme Court, General Term, First Department.* February 18, 1892.)

COSTS—TRIAL FEE—TERM FEES.

A note of issue was filed in June, 1889, but notice of trial was given for the first time for the February term, 1891. The cause was on the calendar for that term, and went off by stipulation. *Held* that, no note of issue having been filed for any term for which the cause was noticed for trial, the notice was ineffectual, and no trial fee or term fees could be taxed as costs.

Appeal from special term, New York county.

Action by Henry A. Gowing and others against Marcus Levy and Morris Levy for goods sold and delivered. Defendants appeal from an order denying a motion to review a taxation of costs by the clerk. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ.

*Ira Leo Bamberger,* for appellants. *Henry Stanton,* for respondents.

PATTERSON, J. In December, 1891, Mr. Justice ANDREWS granted a motion allowing the plaintiffs to serve an amended complaint on payment of the defendants' costs and disbursements to date, to be taxed by the clerk. On presentation of the bill of costs the clerk disallowed a trial fee of $30, and five term fees of $10 each. The cause had not, prior to February, 1891, been reached in its order on the calendar, but was awaiting its turn. An application was made to the court to review the taxation of the clerk, and, after hearing the parties, Mr. Justice BARRETT sustained the refusal of the clerk to allow the items insisted upon by the defendants. In this he was clearly right. There had been no trial, and consequently a trial fee was not taxable. *Studwell* v. *Baxter,* 33 Hun, 331. As to the five term fees, there was enough before the court to show that the case was on the calendar under notice of trial for the first time in February, 1891, and then went off by a stipulation between the parties. These facts are shown by the affidavit of Mr. Stanton, which very materially modifies what was sworn to by Mr. Levy as to the case having been duly noticed for trial for previous months, and it is also thus made to appear that there was no correspondence between the note of issue filed June 12, 1889, and the first notice of trial given for the February term, 1891. A note of issue not having been filed for any month for which the cause was noticed for trial, such notice was ineffectual, and the cause could not be moved for trial because of its service. While but one notice of trial is required to be served in this judicial district, it is the service of that notice that calls upon the party to ascertain the situation of his cause on the calendar; and when he receives it for a specified term he is not bound to look back upon the calendar to see if his adversary has put it on for some prior or subsequent term. Code, § 977. The order was right, and must be affirmed, with $10 costs and disbursements.

VAN BRUNT, P. J., concurs. O'BRIEN, J., concurs in result.