RINALDO v. COWEN (12 cases).

(Supreme Court, Chambers, New York County. April 3, 1895.)

1. COSTS (§ 48*)—ALLOWANCE—NOTE OF ISSUE—NECESSITY.
    Plaintiff is not entitled to an allowance of costs after notice of trial, where no note of issue was filed; failure to file a note of issue destroying the effect of the notice of trial.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 192–210; Dec. Dig. § 48.*]

2. COSTS (§ 164*)—AMOUNT—ADDITIONAL ALLOWANCE—DOWER ACTION.
    Under Code Civ. Proc. § 3252, allowing certain additional costs upon recovery by defendant in an action to foreclose a mortgage for partition of realty or to compel the determination of a claim to realty, etc., an additional allowance should not be made in an action to admeasure dower; it not being an action to determine a claim to realty within the code.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. § 622; Dec. Dig. § 164.*]

3. COSTS (§ 190*)—DISBURSEMENTS—PRINTING SUMMONS AND COMPLAINT.
    Under Code Civ. Proc. § 3256, defining certain charges taxable as disbursements, and permitting the allowance of such other reasonable and necessary expenses as are taxable according to the practice of the court, the cost of printing the summons and complaint will be allowed as a disbursement in a number of actions to admeasure dower in which there were numerous defendants in each action, so that the printing of the summons and complaint was an advantage to the litigants and the court; it having been the practice of the clerk to tax such disbursements, where, because of the size of the pleading and number of parties, the printing of the summons and complaint appeared reasonable.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 660–662; Dec. Dig. § 190.*]

Actions by one Rinaldo against one Cowen. On motions to retax plaintiff's costs. Motions allowed as stated.

See, also, 84 Hun, 605, 31 N. Y. Supp. 1126.

David Leventritt, for plaintiff.
Strong & Cadwallader, for defendant.

BEEKMAN, J. A motion is made in each of the above actions for a retaxation of plaintiff's costs in respect to certain items which were disallowed by the taxation clerk. The actions in question were brought for the dower of the plaintiff in various parcels of land of which her

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

husband was seised at the time of his death. Answers were introduced in each of said actions, and the issues thus raised were noticed for trial in each case by both the plaintiff and the defendants. Subsequently an agreement for the settlement of all of the actions was entered into by the parties, and stipulations were signed in each of said actions, whereby it was consented that the same should be discontinued, with costs and disbursements to the plaintiff, and with taxable costs "up to this stage of the case to all of the defendants appearing herein, to be awarded as if final judgment had been rendered in this action." Although noticed for trial, a note of issue was filed in only one of said cases. The costs were finally noticed for taxation, the attorney for the plaintiff claiming in each bill $15 for costs after notice of trial, $60 for an additional allowance under section 3252 of the Code of Civil Procedure, and disbursements for printing the summons and complaint. These three items were objected to by the attorney for the defendants, but were allowed by the clerk. I am of the opinion that the plaintiff is entitled to costs after notice of trial only in the action in which a note of issue was filed and the case placed on the general calendar. A notice of trial is utterly ineffective if not followed by the filing of a note of issue and the placing of the case upon the calendar of the court for the term for which the case is so noticed.

The attorney for the plaintiff contends that for the purpose of the allowance of costs after notice of trial the right to such costs accrues immediately upon the service of the notice, and as a test of the soundness of his argument urges that it could not be contended that the plaintiff would not be entitled to costs after notice of trial, even though no note of issue had been filed, if the action were discontinued on payment of costs immediately after the notice of trial was served, and before the time had expired within which to file a note of issue for the term. The soundness of this contention may be admitted, but it cannot be considered as going further than admitting the right under such circumstances to the costs, on the allowable assumption that the notice of trial would be followed by the due filing of a note of issue. In the present case, however, it is plain that the plaintiff has not done that which was necessary to give validity to the notice of trial. In other words, the value of the notice when served was conditioned upon the filing of the note of issue, and the effect of his failure to file his note of issue was to destroy the value of his notice of trial, and to place the case in precisely the same situation as if a notice of trial had never been served. Gowing v. Levy, 63 Hun, 630, 17 N. Y. Supp. 771. The exception, therefore, to the allowance of costs after notice of trial in eleven of said cases, is well taken. The plaintiff was not entitled to the additional allowance under section 3252 of the Code of Civil Procedure. The actions in question are brought for the admeasurement of plaintiff's dower, and plainly do not come within the enumerated classes of actions in which such allowances are taxable. The attempt to bring them within the definition of an action to compel the determination of a claim to real property is without support, as the reference so made is to a form of action authorized by the Code, and specifically described as an action to compel the determination of a claim to real property. If the general meaning which the counsel for

the plaintiff attempts to give to this expression is correct, it would apply to substantially every action that had any relation to real property, and it is perfectly obvious from a simple reading of the section itself that the phrase in question will not bear any such construction.

The only question which remains to be considered is the allowance by the clerk of disbursements for printing the summons and complaint in each of these actions. Section 3256 of the Code of Civil Procedure defines the disbursements which may be taxed in an action, enumerating certain specific charges which may be allowed, and closing with authority for an allowance of "such other reasonable and necessary expenses as are taxable according to the course of practice of the court or by express permission of law." The authority for taxing the disbursements in question, if it exist, must be found in the general statement just quoted at the close of the section. The Court of Appeals has declared that the judges of the courts must take judicial notice of what the course and practice of the court may be. Equitable Life Assurance Society v. Hughes, 125 N. Y. 106, 26 N. E. 1, 11 L. R. A. 280. I find on inquiry that it has been the practice of the clerk of this court for 10 years past to tax such disbursements in cases, where, owing to the voluminous character of the pleading and the number of the parties, the printing of the paper has appeared to be proper and reasonable. I am also informed that such disbursements have been repeatedly sanctioned by the justices of the court in cases where the incurring of such expense has appeared to be reasonable or necessary. In the present case the number of defendants in each action was large and the printing of the summons and complaint was, in my opinion, an advantage to the litigants and to the court, and the disbursement incurred therefor was therefore reasonable. I am of the opinion that the allowance of such disbursements on the taxation of costs is under the conditions which I have mentioned according to the course and practice of the court, and that they are therefore properly taxable, and, as such disbursements were reasonably incurred in each of such actions, the allowance by the clerk of such items was correct.

The motion for the retaxation of the bills of costs is granted in reference to all of the items, excepting those last mentioned.