(18 Misc. Rep. 295.)

YATES v. McADAM et al.

(Supreme Court, Trial Term, New York County. October, 1896.)

1. PLEADING—MOTION TO STRIKE OUT—DILATORY ANSWER.
    Where an amended answer is alleged to have been served merely for delay, plaintiff's remedy is by motion to strike it out.
2. SAME—NOTICE OF TRIAL—NOTE OF ISSUE.
    Where an amended answer was served after plaintiff had served notice of trial and filed note of issue, a new notice of trial must be served, and a new note of issue filed, in order to force defendant to trial.
3. SAME—WAIVER.
    The fact that defendant had served notice of trial does not constitute a waiver of his right to take advantage of plaintiff's failure to serve such notice.

Action by James C. Yates against George H. McAdam and others. Defendants move to strike cause from calendar. Granted.

G. A. Stearns, for the motion.
Wells, Waldo & Snedeker, opposed.

GILDERSLEEVE, J. This is a motion to strike the cause from the calendar. The facts are as follows: The action was brought in the court of common pleas. The summons was served on December 8, 1893; notice of appearance was served on December 15, 1893; the complaint was served on February 12, 1894; the amended complaint was served on February 27, 1894; the answer to the amended complaint was served on April 19, 1894; the plaintiff's notice of trial was served on April 23, 1894, and on the same day the plaintiff filed a note of issue; an amended answer to the amended complaint was served on May 9, 1894; and on May 11, 1894, the defendant served a notice of trial. No other notice of trial was served by plaintiff, and no other note of issue was filed, unless it be, as intimated in the brief of plaintiff's counsel, a note of issue in the supreme court upon the consolidation of the courts. The plaintiff says that the last amended pleading was served simply for delay; but, if it was served in bad faith, the remedy of plaintiff would have been by motion to strike it out. Ostrander v. Conkey, 20 Hun, 421. This, so far as the papers before me dis-

close, was not done; and the amended answer stands as the last pleading in the case. Section 977 of the Code provides that at any time after joinder of issue, and at least 14 days before the commencement of the term, either party may serve a notice of trial, and that the party serving the notice must file with the clerk a note of issue, stating, among other things, the time when the last pleading was served. Inasmuch as the amended answer was served after the filing of the note of issue in the court of common pleas, that note of issue clearly does not comply with the requirement of the statute to state the time when the last pleading was served. Nor has the plaintiff served any notice of trial since the service of the amended answer. It is a well-accepted. rule that, where an amended pleading is served, there must be a new notice of trial served, and a new note of issue filed. Gair v. Birmingham (Super. Ct. N. Y.) 15 N. Y. Supp. 147; Ostrander v. Conkey, 20 Hun, 421. It is true that, where a proper notice of trial has been served, the court may permit the note of issue to be amended nunc pro tunc. Gair v. Birmingham, supra; Clinton v. Myers, 43 How. Prac. 95. But in this case no notice of trial has been served by plaintiff subsequent to the service of the amended pleading; and the service of a notice of trial is a statutory condition precedent to obtaining a place on the calendar, or of forcing an adversary on to trial. The form and the time of service of the notice of trial are regulated by statute, and the court cannot dispense with either, except by consent of the parties, or as a condition of granting some favor. Gair v. Birmingham, supra. It is true that defendants did serve a notice of trial after the service of the amended pleading; but this does not enable the plaintiff to bring the action to trial, as the plaintiff's notice of trial is of no avail, having been served before the service of the amended pleading. The fact that defendants served a notice of trial does not constitute a waiver of their right to take advantage of the neglect of plaintiff to serve a notice of trial after the new issues had been joined. It seems from the brief of plaintiff's counsel that a note of issue was filed in the supreme court upon the consolidation of the courts; but whether this note of issue was a mere refiling of the former void note of issue in the common pleas, as the defendants' counsel claims it to be, or whether it supplied the defect of the latter by stating the time when the last pleading was served, does not appear from the motion papers before me. And, in any event, the fact remains that by the service of the amended pleading the issue theretofore joined and noticed for trial was destroyed, and the action cannot be brought on to trial by plaintiff until the new issues have been regularly noticed for trial by him. Ostrander v. Conkey, supra; Gair v. Birmingham, supra; Haberstich v. Fischer, 6 Civ. Proc. R. 82; Dart v. Solomon, 5 N. Y. St. Rep. 911. The motion must be granted, and the case stricken from the calendar.

Motion granted.