NATIONAL CARBONATING CO. v. STANDARD AERATING CO.

(Supreme Court, Special Term, New York County. October, 1896.)

PRACTICE—NOTE OF ISSUE—NOTICE OF TRIAL.

    Where notice of trial was given for a term for which no note of issue was filed, plaintiff was not entitled to an order authorizing a note of issue to be filed nunc pro tunc.

Action by the National Carbonating Company against the Standard Aerating Company. Motion by plaintiff for authority to file note of issue nunc pro tunc. Denied.

Tracy, Boardman & Platt, for plaintiff.
Alfred W. Kiddle, for defendant.

BEEKMAN, J. I do not think that the court should authorize a note of issue to be filed nunc pro tunc in order to give vitality to a notice of trial which is a nullity because given for a term for which no note of issue was filed. While the court may incorporate such a provision in an order as a condition of granting a favor for which the opposite party applies, it becomes effective only through the acceptance of the benefits of the order granting the relief asked for.

No such case is presented here, for the plaintiff, conceding the error, moves that it may be corrected by a nunc pro tunc filing.   The defendant has a right to demand the service upon him of a valid notice of trial, and, where the case is not placed upon the calendar for the term for which it is noticed, its life is spent, and the plaintiff must notice it again, and place the cause upon the calendar for that term. Gowing v. Levy (Sup.) 17 N. Y. Supp. 771.   The plaintiff seems also to have been guilty of laches in the matter, for a motion was made by it in November, 1894, for a preference, which was denied on the ground of this very defect.   Had a new note of issue then been filed, and the cause properly noticed for trial, the plaintiff would now be in a position to have the case tried.

Motion denied.   Notice order for settlement.