(21 Misc. Rep. 407.)

### WRIGHT v. ZIMMERMAN.

(Supreme Court, Trial Term, New York County. October, 1897.)

1. NOTICE OF TRIAL—WHEN REQUISITE.

Though the only amendment to the pleadings be in the amount of damages asked, a new notice of trial must be served and a new note of issue filed.

2. STRIKING FROM CALENDAR.

A motion to strike from the calendar will be denied where plaintiff offers, as a condition for allowing the cause to remain, to go to trial on the original pleadings, thereby reducing the amount of damages asked.

Action by Frederick G. Wright against Jacob A. Zimmerman. Motion to strike cause from the calendar. Denied.

William A. Jones, Jr., for the motion.

Theron G. Strong, opposed.

GILDERSLEEVE, J. This is a motion to strike the case from the calendar, on the ground that there has been no new note of issue filed and no new notice of trial served since the service of the amended pleadings. See Yates v. McAdam, 18 Misc. Rep. 296, 42 N. Y. Supp. 109. The plaintiff claims, in opposition to the motion, that inasmuch as the only amendment consists in raising the amount of damages claimed to have been caused by the personal injury charged in the complaint from $5,000 to $10,000, and inasmuch as the answer to the amended complaint is identical with the original answer, the issues have not been changed, no new issues have been created, the defendant has been subjected to no surprise, and that, therefore, the rule does not apply, and the cause should remain on the calendar. I cannot concur in this view of the case. The complaint has been amended in an important particular. It is unquestionably true that, had the plaintiff served a proper notice of trial subsequent to the service of the amended pleadings, the court could have permitted the note of issue to be amended nunc pro tunc. See Gair v. Birmingham & Co., 20 Civ. Proc. R. 233, 15 N. Y. Supp. 147; Clinton v. Myers, 43 How. Prac. 95. But plaintiff has failed to serve such notice, and the court should not dispense with it, except by consent of the parties or as a condition of granting some favor or concession to the other side. See Gair v. Birmingham & Co., supra; Yates v. McAdam, supra. As plaintiff offers, as a condition for allowing the cause to remain on the calendar, to withdraw his amended complaint, and go to trial on the original pleadings, I think the offer should be accepted, and the motion denied on that condition.

Motion denied.