(21 Misc. Rep. 564.)

### BRUXEY v. BURKE et al.

(Supreme Court, Trial Term, New York County. November, 1897.)

1. NOTICE OF TRIAL—CAUSE STRICKEN FROM CALENDAR.

Where plaintiff fails to serve notice of trial until 19 months after the note of issue has been filed, and until after notice of motion to strike same from the calendar has been served on him, and where the defendant has asked no favor, the cause will, on motion, be stricken from the calendar.

2. SAME—AMENDMENT NUNC PRO TUNC.

Where defendant has filed a motion to strike the cause from the calendar for plaintiff's failure to serve notice of trial until 19 months after the filing of the note of issue, and such delay has not been caused for the purpose of granting a concession to the other side, a motion of plaintiff to amend the note of issue nunc pro tunc will be overruled.

Motion to strike cause from calendar, and counter motion to amend nunc pro tunc.    Motion to strike from calendar sustained.

Louis F. Reed, for plaintiff.

Blumenstiel & Hirsch (A. Blumenstiel, of counsel), for defendants.

GILDERSLEEVE, J.    This is a motion to strike the cause from the calendar for the plaintiff's failure to serve a notice of trial until some 19 months after he had filed his note of issue herein.    The plaintiff, on the other hand, makes a counter motion to amend the note of issue nunc pro tunc as for the November term of 1897, and to have the cause advanced on the calendar.

The defendants' motion is well taken.    The cases of Gowing v. Levy (Sup.) 17 N. Y. Supp. 771, and National Carbonating Co. v. Standard Aerating Co. (Sup.) 47 N. Y. Supp. 1016, have established the rule in this department that a note of issue and a notice of trial must be for the same term.    In the first of these cases the note was filed for a term previous to that for which the notice was served, and in the second the note was filed for a term subsequent to that for which the notice was served.    In both cases it was held that the notice was ineffectual, and that the cause could not be moved for trial by virtue of its service.

With regard to the plaintiff's motion, it is true that, in actions where a new note and a new notice are rendered necessary by reason of the service of amended pleadings, it has been held that the note may be amended nunc pro tunc, where a proper notice has been served subsequent to the service of the amended pleadings.    See Yates v. McAdam, 18 Misc. Rep. 296, 42 N. Y. Supp. 109, and cases there cited. But in this case no notice was served until after the appearance of the cause on the calendar and the making of the motion to strike it therefrom.    Such notice is clearly improper and null.    A notice will not be dispensed with, except as a condition for granting some favor or concession to the other side.    Yates v. McAdam, supra.    The other side, however, ask no favor, and the court cannot force some favor upon them as a condition for their waiving the notice of trial.

It therefore follows that plaintiff's motion must be denied, and the defendants' motion granted.    This cause must be stricken from the calendar.

Ordered accordingly.