(30 Misc. Rep. 65.)

### JONES v. SEAMAN.

(Supreme Court, Special Term, New York County. December, 1899.)

1. PLEADING—VERIFICATION—INQUEST.

Where a complaint is not verified, defendant is under no obligation to verify the answer, within the meaning of the general rules of practice (rule 28), providing that inquests may be taken in actions out of their regular order, where the answer is unverified, and no affidavit of merits filed.

2. SAME—NOTICE.

Under Code Civ. Proc. § 528, providing that, where a copy of a pleading is filed without necessary verification, the adverse party may treat it as a nullity, "provided he gives notice, with due diligence, to the attorney of

the adverse party, that he elects so to do,".plaintiff must give notice to defendant before he can take an inquest under the general rules of practice (rule 28), providing that inquests may be taken in actions out of their regular order where the answer is unverified, and no affidavit of merits filed.

3. SAME—AMENDMENT OF ANSWER—NOTICE OF TRIAL.

After an amended answer has been filed, plaintiff must serve a new notice of trial and a new note of issue, although no counterclaim was set up in the amended answer.

Action by Samuel Jones against Matilda Seaman. Motion by defendant to set aside an inquest. Motion granted.

C. Bidwell, for the motion.

C. I. Schampain, opposed.

GILDERSLEEVE, J. The action is on a promissory note. The amended answer sets up the statute of limitations. The facts are as follows, viz.: The summons and complaint were served on August 23d, the complaint being unverified. An unverified answer was served on September 12th. The plaintiff served notice of trial on September 18th. An amended answer, unverified, was served on October 2d. No notice of trial was served subsequent to the amended answer. Neither the first nor the second answer was returned as being unverified, and no intimation given that plaintiff was to treat them as a nullity: On November 10th, without notice to the defendant, an inquest was taken, on the ground that the answers were unverified, and that there was no affidavit of merits, under rule 28 of the general rules of practice, providing that inquests may be taken in actions out of their regular order on the calendar, where the answer is unverified, and no affidavit of merits filed. Defendant now moves to set aside said inquest as irregular. As the complaint was not verified, there was no obligation upon the defendant to verify the answer. See Williams v. Riel, 5 Duer, 603. Moreover, even if the complaint had been verified, plaintiff could have treated the unverified answers as a nullity only upon giving notice, with due diligence, to the defendant's attorney, of his election so to do, which he failed to do in the present case. See Code, § 528. The plaintiff's notice of trial was void, for the reason that it was served before the service of the amended answer. The issues created by the service of the first answer were destroyed by the service of the amended answer, and a new notice of trial and a new note of issue were necessary to enable the plaintiff to take defendant's default. See Yates v. McAdam, 18 Misc. Rep. 295, 42 N. Y. Supp. 109. The fact that no counterclaim was set up in the amended answer makes no difference. The Code (section 977) provides that at any time after joinder of issue, and at least 14 days before the commencement of the term, either party may serve a notice of trial, and that the party serving the notice must, at least 12 days before the commencement of the term, file with the clerk a note of issue, stating, among other things, the time when the last pleading was served. In the case at bar the last pleading was the amended answer. The notice of trial and the note of issue must be for the same term of court. See Bruxey v. Burke, 21 Misc. Rep. 564,

48 N. Y. Supp. 644. The note of issue, therefore, for the October term, for which the notice of trial was served, must have been filed at least 12 days before the commencement of that term, and, consequently, some days before the service of the amended answer. It is very clear, therefore, that the note of issue could not have stated the time when the last pleading was served. The case was, consequently, improperly upon the calendar. See Yates v. McAdam, 18 Misc. Rep. 296, 42 N. Y. Supp. 109. The motion is granted, with costs.

Motion granted with costs.