(31 Misc. Rep. 692.)

EVANS v. OLMSTEAD.

(Supreme Court, Trial Term, New York County.   June, 1900.)

1. NOTICE OF TRIAL—AMENDED ANSWER.
   Where an amended answer is served after service of notice of trial and filing of note of issue, a new notice of trial and note of issue must be served and filed.

2. SAME—ANSWER INTERPOSED IN BAD FAITH.
   Where a motion was made to strike the cause from the calendar because of failure to serve a new notice of trial and to file a new note of issue after service of an amended answer, the objection that the amended answer was interposed in bad faith cannot be entertained, since it can only be raised by motion to strike out the answer.

Action by Daniel S. Evans against Ida L. Olmstead. Motion by defendant to strike cause from calendar. Granted.

W. J. Miller, for the motion.
C. W. Sinnott, opposed.

GILDERSLEEVE, J. The defendant, Ida L. Olmstead, by her attorney, Mr. W. J. Miller, makes this motion to strike the cause from the calendar. The facts appear to be as follows, viz.: The summons and complaint were served on March 24, 1900. The defendant's time to answer was extended to April 21, 1900, when the answer was served. On April 23, 1900, Mr. C. W. Sinnott, the attorney for the plaintiff, Daniel S. Evans, served a notice of trial on defendant's attorney, together with a notice of preference, returnable on the first Monday of May. Plaintiff's attorney filed a note of issue, and the cause was put on the general calendar. On May 7th the motion for

a preference was granted, and the cause was placed on the preferred calendar, and set down for trial on May 21st. Thereafter, and on May 11, 1900, defendant served and filed an amended answer, just 20 days after the service of the original answer, on April 21st. On the 21st of May the cause came on for trial on the preferred calendar, and was stricken therefrom for the reason that no notice of trial had been served and no note of issue had been filed since the service of the amended answer. Defendant now moves to have the cause also stricken from the general calendar upon the same ground. It is a well-established rule that, where an amended pleading is served after the service of the notice of trial and the filing of the note of issue, a new notice and a new note are necessary. See Jones v. Seaman, 30 Misc. Rep. 65, 62 N. Y. Supp. 884, and cases there cited. It is true that a very recent amendment to section 723 of the Code provides as follows, viz.:

"When amending a pleading or permitting the service of an amended or supplemental pleading in a case which is on the general calendar of issues of fact, the court may direct that the case retain the place upon such calendar which it occupied before the amendment or new pleading was allowed, and that the proceedings had upon the amended or supplemental pleadings shall not affect the place of the case upon such calendar, or render necessary the service of a new notice of trial."

This amendment to the 'Code, however, does not go into effect until next September, and has no bearing whatever upon this motion. The plaintiff's counsel also urges that the amended answer was interposed in bad faith. If so, he has his remedy at special term, by a motion to strike it out; but, so far as this motion is concerned, we have the established fact of the service of an amended pleading, without any subsequent service of a notice of trial or filing of a note of issue. The motion to strike the cause from the calendar is granted.

Motion granted.