CATHERINE A. WEAVER, Respondent, v. ANNIE MILLER, Appellant.

Second Department, April 25, 1919.

**Trial — failure to file note of issue for term for which case noticed — right of defendant to open default without penalty.**

Where a plaintiff fails to file a note of issue for the term for which the case was noticed for trial, the defendant is entitled to an order setting aside an inquest and vacating the judgment without penalty.

APPEAL by the defendant, Annie Miller, from so much of an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 11th day of February, 1919, opening her default, as provides that the judgment entered upon the default shall stand as security for any recovery in the action, and directs that she pay thirty dollars costs, in default of which the motion to open the judgment is denied.

*Eugene L. Brisach*, for the appellant.

No appearance for the respondent.

KELLY, J.:

The appellant claims that the judgment was irregular because of plaintiff's failure to file a note of issue for the term for which the case was noticed for trial, that she was misled and had no knowledge that the case was on the trial calendar, and that, therefore, she was entitled as matter of right to an order opening the default and vacating the judgment entered thereon without penalty. The action was for slander and issue was joined by service of answer on May 27, 1916, the defendant denying the material allegations of the complaint. On November 10, 1916, the plaintiff served a notice of trial for the term commencing on the first Monday of December, 1916, but failed to file a note of issue or to place the cause upon the calendar for that term. It is provided in Code of Civil Procedure, section 977, that a notice of trial having been served the party serving such notice must file

with the clerk a note of issue, and that such note of issue " must be filed at least twelve days before the commencement of the term." The clerk is directed to thereupon enter the case on the calendar according to the date of issue. In Kings county, when a notice of trial has been served and the note of issue filed in accordance with the requirement stated, it is not necessary to serve a new notice of trial or file a new note of issue, and the action must remain upon the calendar until it is disposed of. The plaintiff failed to comply with the Code provision cited. It appears that a note of issue was filed for the January, 1917, term, but the case was not noticed for trial at that term, and defendant received no notice of any kind concerning the action until January, 1919, when her attorney was served with a copy of a judgment taken by default on January 10, 1919, on a verdict for $5,000 damages. Inquiry then made disclosed the fact that the note of issue had been filed for the January, 1917, term, and the case numbered 10717. In 1917 a new calendar was ordered, upon which cases might be restored for October of that year. The case was not so restored, but in March, 1918, the plaintiff filed a memorandum with the calendar clerk, directing him to " renew for April," and thereupon the case was given a new number, 6362, and placed upon the April, 1918, calendar. The defendant received no notice of the restoration of the case to the calendar. It was under the new number that the case was called and the inquest ordered in January, 1919. The plaintiff's proceedings were irregular. No note of issue was filed for the term for which the cause was noticed for trial, and the notice of trial was, therefore, ineffectual. The defendant had a right to demand the service upon her of a valid notice of trial, and as the case was not placed upon the calendar for the term for which it was noticed, the life of the notice of trial was spent. (*Siefke* v. *Siefke*, GILDERSLEEVE, J., 21 Misc. Rep. 407; *National Carbonating Co.* v. *Standard Aerating Co.*, BEEKMAN, J., 47 N. Y. Supp. 1016.) " A note of issue not having been filed for any month for which the cause was noticed for trial, such notice was ineffectual, and the cause could not be moved for trial because of its service. While but one notice of trial is required to be served in this judicial district, it is the service of that notice that calls upon the party to ascertain the situation of his

cause on the calendar, and when he receives it for a specified term, he is not bound to look back upon the calendar to see if his adversary has put it on for some prior or subsequent term." (*Gowing* v. *Levy*, 63 Hun, 630; 43 N. Y. St. Repr. 767.) And it has been held that this Code provision cannot be evaded by stipulation of the attorneys. (*Leonard* v. *Faber*, 31 App. Div. 137; *Pritchard* v. *Nederland Life Ins. Co., No. 1*, 38 id. 109.) It follows that the case was irregularly upon the calendar in January, 1919, when the inquest was taken, and that the defendant was entitled to an order setting aside the inquest and vacating the judgment without penalty.

JENKS, P. J., MILLS, PUTNAM and JAYCOX, JJ., concurred.

Order in so far as appealed from reversed, with ten dollars costs and disbursements.